**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Lopez, | No. CV-24-03090-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Babas Motorsports LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Entry of Default Judgment against all Defendants. (Doc. 42, MDJ.)

**I.    BACKGROUND**

Plaintiff Sergio Lopez filed his First Amended Verified Complaint (Doc. 18, FAVC) seeking unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA") against Defendants Babas Motorsports, LLC, Amel Mohammed Ataalaha, and Baneta Nahrain Ataalaha. In July 2025, the Court entered an Order (Doc. 35) granting Counsel for Defendants' Motion to Be Relieved as Counsel of Record (Doc. 34). That Order required Defendants to notify the Court by August 28, 2025, whether they intended to proceed *pro se* or with counsel in this matter. (Doc. 35 at 1.) Defendants filed neither the required notices nor anything else since the Court entered that Order.

. . .

On September 12, 2025, Plaintiff filed a Notice of Settlement stating that "the parties have reached an agreement to resolve this matter." (Doc. 36.) A week later, Plaintiff filed a Status Report and Request to Apply for Default Against All Defendants because "[t]he parties' settlement has apparently fallen through." (Doc. 38.) The Court granted Plaintiff's request to apply for default. (Doc. 39.) On Plaintiff's subsequent application, the Clerk of the Court entered default against Defendants. (Docs 40, 41.) Plaintiff now seeks default judgment.

## II.    LEGAL STANDARD

After default is entered, the Court may enter default judgment pursuant to Fed. R. Civ. P. 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.    ANALYSIS

### A. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Defendants have failed to appear and participate in this litigation since the withdrawal of their counsel. The Court is satisfied that if Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d

1   1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiff supports the entry of default
2   judgment.

3       **B.  Merits of the Claims and Sufficiency of the Complaint**

4       The second and third *Eitel* factors favor default judgment where the complaint
5   sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.*
6   at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Plaintiff claims he
7   worked at Babas Motorsports for two workweeks and was never paid. Therefore, Plaintiff
8   alleges enough to give rise to state law claims under the AMWA and the AWA and a
9   federal claim under the FLSA.

10      **1.  The State Law Claims**

11      The AWA requires employers to pay their employees regularly, and the AMWA
12  provides the minimum wage in Arizona. A.R.S. §§ 23-351, 23-363. Plaintiff alleges that
13  Defendants Amel Mohammed Ataalaha and Baneta Nahrain Ataalaha (collectively, the
14  "Ataalahas"), spouses and owners of Babas Motorsports, failed to pay him during his two-
15  week employment at Babas Motorsports. (FAC ¶¶ 102–104.) Under the AMWA, the term
16  "employer" includes individuals "acting directly or indirectly in the interest of an employer
17  in relation to an employee[,]" in addition to a corporation or LLC. A.R.S. § 23-362(B). So,
18  under the AMWA, liability falls on the Ataalahas personally as well as Babas Motorsports,
19  which is an LLC.

20      Under the AWA, the term "employer" means "any individual, partnership
21  association, joint stock company… employing another person[,]" but the AWA's definition
22  of "employer" does not "authorize individual liability against the owners, officers, and
23  directors of a corporate employer in a case where the claim is for the employer's wholesale
24  failure to pay wages." A.R.S. § 23-350; *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-
25  PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). So, under the AWA, the
26  Ataalahas are not personally liable, but Babas Motorsports is liable. Therefore, all
27  Defendants are liable under the AMWA, and only Babas Motorsports is liable under the
28  AWA.

### 2. FLSA Claim

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires employers to pay non-exempt workers a minimum wage for any time spent working during the workweek. 29 U.S.C. § 206(a).

As mentioned, Plaintiff alleges that Defendants failed to pay him for two workweeks. (FAC ¶¶ 102–104.) Similar to the AMWA, the FLSA defines "employer" as any corporation, LLC, or any individual who acts "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 216. Therefore, considering Plaintiff's allegations under the FLSA, in addition to Babas Motorsports, the Ataalahas meet the definition of an employer and are personally liable. Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiff has adequately shown that Defendants violated the FLSA. The second and third *Eitel* factors favor default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks $13,800 in total damages. The requested damages are set by statute, and Defendants' violation of state and federal labor law is serious enough to justify a default judgment in this amount. *See Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *5 (D. Ariz. Dec. 2, 2019). The Court finds this amount to be appropriate and not an excessive award of default. Therefore, this factor weighs in favor of default judgment.

### D. Possible Dispute Concerning Material Facts

Plaintiff alleges that there is no dispute concerning the material facts because, at the default stage, Plaintiff's factual allegations in the complaint are taken as true. (MDJ at 7.) However, Defendants answered the FVAC (Doc. 20), specifically denying that Plaintiff worked there for two weeks and therefore the amount of hours Plaintiff worked. (Doc. 20

¶¶ 77, 81, 102.) As a result, there may be a dispute of material fact, and this factor weighs against default judgment.

### E.  Whether Default Was Due to Excusable Neglect

The Court ordered Defendants to notify the Court whether they intended to proceed *pro se* or with counsel. (Doc. 35.) Defendants then failed to comply with the Order and have not subsequently participated in this matter. So far as the Court can determine, Defendants' failure to participate is not due to excusable neglect. Therefore, this *Eitel* factor weighs in favor of default judgment.

### F.  Policy Favoring a Decision on the Merits

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Although the final factor weighs against entry of default judgment, the Court is also compelled to deem the well-pled factual allegations against Defendants as true upon default, *see Geddes*, 559 F.2d at 560. The Court therefore is not precluded by this factor from entering default judgment against Defendants. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Gemmel*, 2008 WL 65604, at *5.

### G.  Conclusion

Five of the seven *Eitel* factors weigh in favor of default judgment, and only two factors weigh against it. Considering all the factors together, the Court concludes that default judgment against Defendants is appropriate.

## IV.    DAMAGES

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Here, Plaintiff seeks statutory damages and provides sworn affidavits stating hours of unpaid work. (Doc. 42–1.)

. . .

Plaintiff claims damages under the AWA, the AMWA, and the FLSA. The AWA provides that if an employer fails to pay wages to an employee, the employee may recover against the employer "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Under the AMWA, an employer who fails to pay an employee the state minimum wage is required to pay those wages "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. And under the FLSA, an employee may recover double damages for unpaid time. 29 U.S.C. § 216(b).

As illustrated in Plaintiff's sworn exhibits, Plaintiff did not receive complete time or pay records from Defendants. The failure by an employer to keep and maintain adequate and accurate records for its employees violates the FLSA and the strict recordkeeping requirements of 29 C.F.R. § 516. *See also* 29 C.F.R. §§ 516.2, 516.5, and 516.6. The Ninth Circuit has held that an employer's lack of recordkeeping cannot be used to "penalize the employee by denying him recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)). Similarly, "if the employer fails to produce [records], the court may then award damages to the employee, even though the result be only approximate." *Anderson*, 328 U.S. at 688.

The evidence that Plaintiff relies on to establish his hours worked are only estimates, but the Court will credit them. As assigned by Defendants, his rate of pay was approximately $100 per day, plus $1,000 per vehicle he sold. (Doc. 42–1 ¶ 7.) During his two-week employment, Plaintiff worked six approximately 10-hour shifts and sold four vehicles. (Doc. 42–1 ¶ 8.) Therefore, for six ten-hour days, he worked 60 hours. (Doc. 42–1 ¶ 12.) The FLSA entitles employees to a minimum wage of $7.25 an hour. 29 U.S.C. § 206. Plaintiff worked 60 hours, and at $7.25 an hour, his unpaid federal minimum wages are $435 (60 x $7.25). (Doc. 42–1 ¶ 12.) Once doubled under FLSA, his total unpaid minimum wages rise to $870 ($435 x 2). Arizona's minimum wage in 2024, when Plaintiff worked for Defendants and filed suit, was $14.35. Plaintiff worked 60 hours, and at $14.25 an hour, the amount owed under the AMWA is $861 (60 x $14.35). (Doc. 42–1 ¶ 12.) Once

trebled, his total damages owed under the AMWA rise to $2,583 ($861 x 3). The AMWA minimum wage amount owed engulfs the amount owed under the FLSA, so the total amount owed for minimum wage is $2,583. For his regular pay established by Defendants, Plaintiff was to be paid $100 per day, and worked 6 days, so his unpaid regular daily wages for the two work weeks are $600 (6 x $100), and his unpaid commission wages are $4,000, totaling $4,600. (Doc. 42–1 ¶ 12.) Once trebled under the AWA, his damages rise to $13,800 ($4,600 x 3). The AWA amount therefore engulfs the AMWA and FLSA amounts, so $13,800 is the appropriate total wages award. Based on the AMWA and FLSA damages and the statutory definitions of employers, $2,583 is awarded against all Defendants, jointly and severally. The remaining $11,217 in unpaid wage damages is awarded against Defendant Babas Motorsports, LLC under the AWA.

## V.    ATTORNEY'S FEES

Plaintiff argues that he is entitled to attorney's fees under 29 U.S.C. § 216(b), which requires the court to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Court agrees, and Plaintiff shall have 21 days from the date of this Order to file his application demonstrating entitlement to and reasonableness of his fees. Although Local Rule 54.2 states it is not entirely applicable "to any motion which may be filed after the entry of a default judgment," Plaintiff shall comply with Local Rule 54.2(c) with regard to the content of his application for attorney's fees.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Entry of Default Judgment against all Defendants (Doc. 42).

**IT IS FURTHER ORDERED** Plaintiff is entitled to default judgment in the amount of $13,800, for which Defendant Babas Motorsports LLC shall be fully liable, and of that $13,800, Defendants Babas Motorsports LLC, Amel Mohammed Ataalaha, and Baneta Nahrain Ataalaha shall be liable for $2,583, jointly and severally.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment, as summarized above, and to close this matter.

. . .

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that Plaintiff may file an application for attorney's fees within 21 days of the date of this Order and shall meet the requirements of Local Rule 54.2(c) with regard to the content of the application.

Dated this 23rd day of October, 2025.

Honorable John J. Tuchi
United States District Judge