1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Sergio Lopez,                                  No. CV-24-03090-PHX-JJT

10              Plaintiff,                           **ORDER**

11    v.

12    Babas Motorsports LLC, *et al.*,

13              Defendants.

14

15        At issue is Plaintiff Sergio Lopez's Motion for Award of Attorneys' Fees and Costs

16    against Defendants. (Doc. 45, Motion.) For the reasons set forth below, the Court will grant

17    Plaintiff's Motion.

18    **I.    BACKGROUND**

19        In this case, Plaintiff alleged Defendants Babas Motorsports LLC, Amel Mohmmed

20    Ataalaha and Baneta Nahrain Ataalaha (husband and wife) failed to pay Plaintiff wages in

21    violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("FLSA"), the Arizona

22    Minimum Wage Act, A.R.S. § 23-363 ("AMWA"), and the Arizona Wage Act, A.R.S.

23    § 23-350. Defendants ceased participation in this case after their counsel withdrew

24    (Doc. 35). The Court entered default judgment in favor of Plaintiff, awarding him $13,800

25    in damages. (Docs. 43, 44.) Plaintiff now requests his reasonable attorneys' fees and costs,

26    and Defendants have not filed any responsive memoranda in opposition. Pursuant to Local

27    Rule 7.2(i), the Court may deem Defendants' failure to respond to Plaintiff's request for

28    attorneys' fees and costs as consent to granting Plaintiff's Motion. Still, the Court

1    independently reviews Plaintiff's Motion under Federal Rule of Civil Procedure 55(b)(2)—

2    the default judgment rule—and for compliance with Local Rule 54.2(c). (*See* Doc. 43.)

3    **II.    ANALYSIS**

4    Under Local Rule of Civil Procedure 54.2, a party seeking an award of attorneys'

5    fees and related non-taxable expenses must show that the party is eligible for and entitled

6    to an award and that the requested award is reasonable. LRCiv 54.2(c).

7    **A. Eligibility and Entitlement**

8    A party's eligibility and entitlement to an attorneys' fees award depends on the

9    applicable statutory, contractual, or legal authority "upon which the movant seeks an

10    award." LRCiv 54.2(c)(1)–(2). Here, Plaintiff is eligible for and entitled to recover his

11    attorneys' fees under the FLSA, which provides that "[t]he Court in such action shall, in

12    additional to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

13    attorneys' fee to be paid by the defendant, and cost of the action." 29 U.S.C. § 216(b).

14    Plaintiff is also eligible for and entitled to recover his attorneys' fees under the AMWA,

15    which provides that "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees

16    and costs of suit." A.R.S. § 23-364(G). If a plaintiff receives at least some relief on the

17    merits of his claim, he can be said to prevail. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).

18    Therefore, Plaintiff is the prevailing party and is eligible for and entitled to recover his

19    reasonable attorneys' fees.

20    **B. Reasonableness**

21    To determine whether attorneys' fees are reasonable, courts apply the lodestar

22    method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.

23    1990). The lodestar approach consists of two steps. *Welch v. Metro. Life Ins. Co.*, 480 F.3d

24    942, 945–46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the

25    number of hours reasonably expended on the litigation by a reasonable hourly rate,"

26    excluding from the requested amount "any hours that are excessive, redundant, or

27    otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district

28    court may adjust the lodestar upward or downward using a multiplier based on facts not

1   subsumed in the initial lodestar calculation." *Id.* (internal citation omitted). Local Rule

2   54.2(c) lists 13 factors the Court should consider when determining reasonableness

3   including time and labor, fees, and experience of counsel.

4        Plaintiff seeks $22,319 in fees already incurred, $617.25 in costs, and an additional

5   $10,034.06 in prospective collection costs. In his Motion, Plaintiff has duly provided the

6   Court with counsel's detailed billing records, representation agreement, and the other

7   documentation necessary to support the request for fees and costs. (Docs. 45-1, 45-8, 45-

8   9.)

9        Plaintiff has demonstrated that the requested attorneys' fees and costs are

10  reasonable. Plaintiff's counsel, Clifford P. Bendau, II, and Christopher J. Bendau, are

11  seeking attorneys' fees at the hourly rates of $495 and $445, respectively. Such a rate does

12  not exceed the market rate and is not unreasonable.[1] *See* LRCiv 54.2(c)(3); *Kerr v. Screen*

13  *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Likewise, the number of hours

14  expended by counsel—35.2 hours incurred by Clifford P. Bendau, and 11 hours incurred

15  by Chistopher J. Bendau—is reasonable considering the time expended to prepare the

16  complaint, engage in settlement discussions, seek default judgment, and prepare and file

17  the present motion, as well as to effectuate service upon Defendant. There is no redundancy

18  or lack of necessity in the work reported.

19       Turning to the other factors outlined in Local Rule 54.2(c), Plaintiff states that there

20  were no novel or difficult legal issues present, Plaintiff's counsel were not significantly

21  precluded from other work because of this representation, and Plaintiff's counsel's hourly

22  rate is warranted by their experience, reputation, and ability. Therefore, there is no basis to

23  adjust Plaintiff's attorneys' fees and costs award upward or downward. *See Kerr*, 526 F.2d

24  at 70.

25  . . .

26  . . .

27       [1] Plaintiff urges the Court to award a rate consistent with the norm in this jurisdiction
28  (Doc. 45 at 6), and to give counsel the benefit of the doubt, the Court assumes counsel
    meant the District of Arizona, not the Northern District of Ohio, as stated in Plaintiff's
    brief.

**C. Anticipated Collection Costs**

The remaining issue is Plaintiff's request for prospective costs related to collecting on the default judgment. In this District, courts have held that anticipated collection fees must be sufficiently supported. *Dunson v. RMH Franchise Corp.*, Case No. 4:23-cv-00148-RM, at Doc. 12, p. 4 (D. Ariz. Sept. 29, 2023); *Stamper v. Freebird Logistics, Inc.*, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022).

According to the fee agreement that Plaintiff's counsel typically enters into with Parker Law Firm P.L.C. ("Parker Law") to assist them and their clients to collect on judgments, Parker Law charges a 25% contingency fee plus $850 retainer fee. (Docs. 45-12, 45-13.) Plaintiff sufficiently shows that he will incur $10,034.06 in collection costs and fees and the requested amount is reasonable.

**III.    CONCLUSION**

In sum, Plaintiff has demonstrated eligibility and entitlement to attorneys' fees and costs in this matter as well as the reasonableness of the requested amount, and Plaintiff has complied with the Local Rule 54.2(c) and provided the necessary supporting documentation. Accordingly, the Court will award Plaintiff $32,970.31 in reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Award of Attorneys' Fees and Costs Against Defendants. (Doc. 45.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter Judgment in the principal amount of **$32,970.31** for Plaintiff as and for his attorneys' fees and costs, to be paid by Defendants jointly and severally, plus interest accruing at the statutory rate. This case remains closed.

Dated this 12th day of November, 2025.

_____
Honorable John J. Tuchi
United States District Judge